# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| Total Car Franchising Corporation d/b/a/ Colors on Parade,  )<br>  )<br>Petitioner,  )<br>  )<br>v.  )<br>  )<br>Michael "Ti" Dunaway,  )<br>  )<br>Respondent.  )<br>_____ ) | Civil Action No. 2:21-2951-RMG<br><br>**ORDER** |

      Before the Court is Petitioner Total Car Franchising Corporation d/b/a Colors on Parade's application for default judgment against Respondent Michael "Ti" Dunaway. (Dkt. Nos. 9, 12). For the reasons set forth below, the Court grants the application.

## Facts

      This matter arises out of an arbitration proceeding held on April 9, 2021 between Petitioner and Respondent. Effective May 1, 2015, the parties entered into an agreement (the "Operator Franchise Agreement" or "OFA") whereby Respondent agreed to operate a franchise of Petitioner's business. A full copy of the OFA has been filed with the Court. (Dkt. No. 1-1). The OFA provides that any controversy, claim, or dispute arising out of or relating in any way to the franchised business or to the OFA shall be resolved by arbitration and governed by the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1, *et seq.* (*Id.* § 8.1). "The arbitrator is authorized to enter an award against any party to an arbitration proceeding." (*Id.* § 8.4). The OFA provides that in "any action to enforce the rights of either party under this Agreement, the prevailing party, as determined by the arbitrators . . . shall be entitled to recover the costs and expenses of such party,

1

including reasonable attorneys' fees, incurred in investigating, prosecuting[,] or defending such action." (*Id.* § 9.8).

After disputes arose between the parties, the matter was submitted to the American Arbitration Association ("AAA"), which conducted an arbitration via Zoom on April 9, 2021. The arbitrator was the Honorable Kristi Lea Harrington (Ret.) who was located at 8887 Old University Blvd., North Charleston, South Carolina 29406. On June 24, 2021, the arbitrator issued an Award in favor of Petitioner. A copy of the Award has been filed with the Court. (Dkt. No. 1-2 at 1-4). Pursuant to the Award, the Arbitrator found Petitioner was entitled to: (1) $53,275.92 in liquidated damages; (2) $22,780.86 in attorneys' fees; (c) $7,570.00 for the cost of arbitration, including administrative fees and expenses of the AAA and compensation for the arbitrator; and (4) $2,512.85 in interest pursuant to the OFA. (*Id.* at 3-4). In sum, the Award found Petitioner was entitled to a total sum of $86,139.63.

On September 14, 2021, Petitioner petitioned this Court to confirm the Award. (Dkt. No. 1).

On September 28, 2021, Respondent was served (1) Summons in a Civil Action, (2) the Application by Petitioner to Confirm Arbitration Award and Enter Judgment, and (3) Petitioner's Answers to Local Rule 26.01 Interrogatories. (Dkt. No. 5).

On November 15, 2021, an entry of default was docketed by the Clerk. (Dkt. No. 7).

On February 10, 2022, Petitioner moved for default judgment as to Petitioner. (Dkt. No. 9). Petitioner supplemented its motion on March 30, 2022. (Dkt. No. 12). Petitioner seeks an entry of default judgment in the amount of $86,804.45. This consists of (1) the $86,139.63 from the Award discussed *supra*, (2) $52.82 in post judgment interest pursuant to 28 U.S.C. § 1961; and (3) $612.00 of costs ($402.00 filing fee and $210.00 for service of process) in this case. Petitioner

has attached an Affidavit of Damages and Costs attesting to these amounts. (Dkt. No. 9-1 at 1-8); (Dkt. No. 12-1 at 1-2) (Revised Affidavit of Damages and Costs).

Petitioner's application for default judgment is ripe for disposition.

**Legal Standard**

The entry of default judgment is governed by Rule 55 of the Federal Rules of Civil Procedure which provides in relevant part that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a).

Upon the entry of default, the defaulted party is deemed to have admitted all well-pleaded allegations of fact contained in the complaint. *Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001); *Weft, Inc. v. GC Inv. Assocs.*, 630 F. Supp. 1138, 1141 (E.D.N.C. 1986) (citations omitted); *see also* Fed. R. Civ. P. 8(b)(6) ("An allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied."). Nevertheless, the defendant is not deemed to have admitted conclusions of law and the entry of "default is not treated as an absolute confession by the defendant of his liability and of the plaintiff's right to recover." *Ryan*, 253 F.3d at 780 (citations omitted); *see also E.E.O.C. v. Carter Behavior Health Servs., Inc.*, No. 4:09-cv-122-F, 2011 WL 5325485, at *3 (E.D.N.C. Oct. 7, 2011). Rather, in determining whether to enter judgment on the default, the court must determine whether the well-pleaded allegations in the complaint support the relief sought. *See Ryan*, 253 F.3d at 780 (citing *Weft*, 630 F. Supp. at 1141); *DIRECTV, Inc. v. Pernites*, 200 Fed.Appx. 257, 258 (4th Cir. 2006) (" '[A] defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law' ") (quoting *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)); *Arista Records, LLC v. Gaines*, 635 F. Supp. 2d 414, 416 (E.D.N.C. 2009);

10A Wright, Miller & Kane, Federal Practice and Procedure § 2688 (3d ed. Supp. 2010) ("[L]iability is not deemed established simply because of the default ... and the court, in its discretion, may require some proof of the facts that must be established in order to determine liability.").

To that end, the Fourth Circuit has "repeatedly expressed a strong preference that, as a general matter, defaults be avoided and that claims and defenses be disposed of on their merits." *Colleton Preparatory Acad., Inc. v. Hoover Univ., Inc.*, 616 F.3d 413, 417 (4th Cir. 2010) (citations omitted). Nonetheless, default judgment "may be appropriate when the adversary process has been halted because of an essentially unresponsive party." *SEC v. Lawbaugh*, 359 F. Supp. 2d 418, 421 (D. Md. 2005). Entry of default judgment is left to the sound discretion of the trial court. *Duke Energy Carolinas, LLC v. BlackRock Coal, LLC*, No. 3:11-cv-616-RJC-DSC, 2012 WL 1067695 (W.D.N.C. Mar. 29, 2012) (granting default judgment in plaintiffs favor after finding that service of the complaint and summons on defendant was sufficient yet defendant failed to defend). Although the clear policy of the Rules is to encourage dispositions of claims on their merits, *see Reizakis v. Loy*, 490 F.2d 1132, 1135 (4th Cir. 1974), trial judges are vested with discretion, which must be liberally exercised, in entering [default] judgments and in providing relief therefrom." *United States v. Moradi*, 673 F.2d 725, 727 (4th Cir. 1982).

If the court finds that liability is established, it must then determine damages. *Carter Behavior Health*, 2011 WL 5325485, at *4 (citing *Ryan*, 253 F.3d at 780–81; *Gaines*, 635 F. Supp. 2d at 416–17). The court must make an independent determination regarding damages, and cannot accept as true factual allegations of damages. *Id*. (citing *Lawbaugh*, 359 F. Supp. 2d at 422). While the court may conduct an evidentiary hearing to determine damages, it is not required to do so, but may rely instead on affidavits or documentary evidence in the record to determine the appropriate

sum. *See EEOC v. CDG Mgmt., LLC*, No. RDB-08-2562, 2010 WL 4904440, at *2 (D. Md. Nov. 24, 2010) (citations omitted); *EEOC v. North Am. Land Corp.*, No. 1:08-cv-501, 2010 WL 2723727, at *2 (W.D.N.C. Jul. 8, 2010).

Section 9 of the FAA provides that "any party to the arbitration may apply to the court ... for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified or corrected" pursuant to Section 10 or 11 of the FAA. 9 U.S.C. § 9. "[J]udicial review of arbitration awards is extremely limited—in fact, it is 'among the narrowest known to the law.'" *U.S. Postal Serv. v. Am. Postal Workers Union*, 204 F.3d 523, 527 (4th Cir. 2000) (quoting *Union Pac. R.R. Co. v. Sheehan*, 439 U.S. 89, 91 (1978)). An arbitration award may be vacated only when an arbitrator "strays from interpretation and application of the agreement and effectively, 'dispense[s] his own brand of industrial justice' ..." *Major League Baseball Players Ass'n v. Garvey*, 532 U.S. 504, 509 (2001) (internal citations omitted).

Under the FAA, a court may confirm an arbitration award "[i]f the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration...." 9 U.S.C. § 9. To obtain confirmation of an award, the statute requires the moving party to file (1) the agreement, (2) the award, and (3) each notice, affidavit, or other paper used to confirm, modify or correct the award. 9 U.S.C. § 13. This allows the court to determine whether a valid arbitration agreement and award exist upon which it can base its judgment. *See United Cmty. Bank v. Arruarana*, C/A No. 1:10-248, 2011 WL 2748722, at *2 (W.D.N.C. July 13, 2011) ("Without the filings required by § 13, the Court is unable to conclude from the record that a valid arbitration agreement and award exist and therefore is unable to determine whether the Petitioner is entitled to judgment as a matter of law.").

## Analysis

Respondent has yet to respond to Petitioner's application for default judgment and the time for doing so has long passed. Accordingly, the Court accepts all of Petitioner's well-pleaded allegations—including those discussed in the Facts section above—as true and admitted by Respondent. Specifically, the Court finds that the Parties arbitrated their claims via Zoom on April 9, 2021 and the Arbitrator issued the Award in favor of Petitioner in the amount of $86,139.63. *See* (Dkt. No. 1-2 at 1-4) (copy of Award). The OFA did not specify in which jurisdiction the Parties should seek confirmation of the Award, and therefore Petitioner's motion in this district, the same in which the arbitration was conducted, is proper under Section 9 of the FAA. Additionally, Petitioner's application meets all the procedural requirements imposed by the FAA. *See* 9 U.S.C. §§ 9, 13; (Dkt. No. 1-1) (copy of OFA); (Dkt. No. 1-2) (copy of Award). The Court further finds that Petitioner is entitled to post judgment interest under 28 U.S.C. § 1961(a) in the amount of $52.82. *See, e.g.*, *Goldman, Walker, LLC v. Shahab*, No. GJH-13-113698, 2015 WL 306746, at *6 (D. Md. Jan. 22, 2015) (petitioner entitled to post-judgment interest on entire arbitration award, including interest, attorney's fees and costs). Petitioner is also entitled to $612.00 in costs associated with action. *See* (Dkt. No. 1-1 § 9.8).

## Conclusion

For the reasons stated above, the Court **GRANTS** Petitioner's application for default judgment (Dkt. Nos. 9, 12) in the amount of $86,804.45.

**AND IT SO ORDERED**.

s/ Richard Mark Gergel
Richard Mark Gergel
United States District Judge

March 31, 2021
Charleston, South Carolina

6